UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOLARBLUE, LLC,

                      Plaintiff,

-vs-                                       Case No.  6:10-cv-828-Orl-31DAB

AMERICAN CASUALTY COMPANY OF
READING, PA,

                      Defendant.

_____

# ORDER

This matter comes before the Court on the Motion to Stay (Doc. 32) filed by the Defendant, American Casualty Company of Reading, Pennsylvania ("ACCRP"), and the response (Doc. 34) filed by the Plaintiff, SolarBlue, LLC ("SolarBlue").

This is an insurance coverage dispute.  SolarBlue contends that its subcontractor, Trebor Power Systems, Inc. ("Trebor"), performed substandard work and provided defective materials in installing energy management systems at a condominium complex known as the Wyndham Bonnet Creek.  Solarblue hired a new subcontractor to make repairs, but ACCRP refused to indemnify it for that cost or for other damages that SolarBlue allegedly suffered as a result of the work performed by Trebor.

Trebor is not a party to the instant suit.  However, SolarBlue sued Trebor and its supplier in state court two days before filing the instant suit, seeking to recover from them the same damages it seeks to recover from ACCRP in this case.  ACCRP seeks to have this action stayed pending resolution of the state court suit, arguing that resolution of that suit is likely to moot this one, for

various reasons.  For example, ACCRP argues that a full recovery by SolarBlue against Trebor in the state case will moot any effort to recover the damages sought in this suit.

SolarBlue argues that the issue of the coverage afforded by ACCRP's policy will not be resolved by the state court suit.  And SolarBlue notes that this issue would have to resolved prior to a determination of its entitlement to attorney's fees and costs, in the event the company were to pursue a bad faith claim.  However, there is a significant chance that the state court case may moot this one, by making it unnecessary to decide the coverage issue, or at least to narrow the issues that would need to be resolved in this case.  Under the circumstances, the Court will stay these proceedings pending resolution of the earlier-filed state court case.  *See 800537 Ontario, Inc. v. World Imports U.S.A., Inc.*, 145 F.Supp.2d 288 (W.D.N.Y. 2001).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Stay (Doc. 32) is **GRANTED**, and this case is **STAYED** pending resolution of the state court case between SolarBlue and Trebor.  And it is further

**ORDERED** that all pending motions in this case are **DENIED WITHOUT PREJUDICE** and may be refiled upon the lifting of the stay.  And it is further

**ORDERED** that SolarBlue shall file a status report regarding the state court case on August 1, 2011 and every 90 days thereafter.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 20, 2011.

_____

GREGORY A. PRESNELL
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party